# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JACOB BERGMAN, JOSEPH BERGMAN, :
BARBARA BERGMAN and TEMPLE :
MANAGEMENT, LLC, :
   Plaintiffs, :
     :
v. : 3:10-cv-1315 (WWE)
     :
TOWN OF HAMDEN, DANIEL W. KOPS, JR., :
HOLLY MASI, LESLIE CREANE, ROBERT :
LABULIS and THERESA POLIDORO, :
   Defendants. :

## MEMORANDUM OF DECISION ON
## DEFENDANT THERESA POLIDORO'S MOTION TO DISMISS

Plaintiffs Jacob Bergman, Joseph Bergman, Barbara Bergman and Temple

Management, LLC bring this action alleging that defendants Town of Hamden, Daniel

W. Kops, Jr., Holly Masi, Leslie Creane, Robert Labulis and Theresa Polidoro violated

their rights under the Fourteenth Amendment to the United States Constitution as

secured by 42 U.S.C. §§ 1983 and 1988.  Plaintiffs also allege that defendants

tortiously interfered with plaintiffs' business expectations in violation of Connecticut

common law.  Now pending before the Court is defendant Polidoro's motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #15).  For the following

reasons, defendant Polidoro's motion will be granted.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as to the

federal law claims and 28 U.S.C. § 1367(a) as to the supplemental state law claims.

## BACKGROUND

For purposes of ruling on a motion to dismiss, the Court accepts all factual

allegations of the complaint as true.

Plaintiff Jacob Bergman resides in Ann Arbor, Michigan and is the sole member of plaintiff Temple Management, LLC, a Connecticut limited liability company. Plaintiffs Joseph Bergman and Barbara Bergman are residents of Ann Arbor, Michigan. Plaintiffs are owners, developers and managers of a large number of rental residential properties in the Town of Hamden. These properties are located near Quinnipiac University and are intended and managed as residences for Quinnipiac University students.

Defendant Daniel W. Kops, Jr. is the Assistant Town Planner for defendant Town of Hamden. Defendant Holly Masi is Zoning Enforcement Officer for the Town of Hamden. Defendant Leslie Creane is the Hamden Town Planner. Defendant Robert Labulis is the Hamden Building Official. Plaintiffs sue these defendants only in their individual capacities. Defendant Teresa Polidoro is a private citizen.

Since August 22, 2007, defendants have subjected plaintiffs to a pattern and practice of disparate treatment in the enforcement of the Town of Hamden's municipal regulations and ordinances insofar as they apply to: (1) landlords who rent housing to students at Albertus Magnus College; (2) landlords who rent housing to students at Southern Connecticut State University; and (3) landlords who rent housing to people other than students. Plaintiffs allege that these comparators are identically situated to plaintiffs in all other material respects.

In 2001, the Hamden Legislative Council enacted a "student housing ordinance," which imposed stricter inspection requirements upon landlords renting to college students than to other landlords. Defendants have conducted those inspections only upon the properties owned and managed by plaintiffs and not upon those rented to

2

students at either Albertus Magnus College or Southern Connecticut State University. In addition, defendants have required plaintiffs to submit to them the names of their tenants but have not imposed such requirements upon landlords who rent to nonstudents.

Representatives of the Town of Hamden have admitted that plaintiffs are intentionally treated differently from other identically-situated landlords in the Town of Hamden and that it is the policy of the Town of Hamden to do so and to continue to do so with the goal of driving plaintiffs out of business.

The complaint lists nine instances in which defendant-Town of Hamden officials, acting alone or in concert with each other, have subjected plaintiffs to disparate treatment in the enforcement of Town regulations. These instances include demands for tenants' identities and license plate numbers; demands for floor plans; the issuance of "Non-habitable violations" and the posting of a sign on an apartment to that effect; and the imposition of inspection and permitting requirements. These instances do not allege any involvement by Polidoro.

On August 27, 2007, defendant Polidoro sent a letter to all tenants of several of plaintiffs' buildings. The letter stated:

> This is a letter warning you about possible safety/fire hazards.... The owner of these properties never obtained Student Housing Permits, as required by Hamden Township, which means the houses were never inspected by the Fire Dept, Building Department or Health Department.... Attached is the 8/22/07 letter regarding building/fire violations at 3335 Whitney [and] the subsequent tenant evacuation of this house due to unsafe & unlivable conditions. For your safety, please call the Hamden Fire Marshall..., the Building Dept ... and/or the Housing Dept (Health) ... to have it inspected. YOUR LIVES MAY DEPEND ON IT!

Plaintiffs allege that defendants' actions were intentional and malicious and served no legitimate public purpose.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

Defendant Polidoro's motion to dismiss argues that the complaint fails to assert sufficient allegations to find Polidoro liable under 42 U.S.C. §§ 1983 and 1988 insofar as she was a private person and not a public official. Therefore, Polidoro argues, her conduct cannot constitute state action. Plaintiff also argues that plaintiffs' claim for tortious interference with contractual relations is deficient because (1) plaintiff has failed to plead facts sufficient to meet each element for such a claim and (2) the Court lacks supplemental jurisdiction over the claim because of a lack of a federal claim which may serve as a hook.

In response to Polidoro's motion, plaintiffs withdrew their Fourteenth Amendment

4

claim against Polidoro.

Therefore, jurisdiction over the claim against Polidoro is not appropriate pursuant to 28 U.S.C. § 1367(a).  Section 1367(a) provides:

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  The district court possesses supplemental jurisdiction over state-law claims "whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding."  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349-50 (1988).

Federal jurisdiction over this case is based on plaintiffs' claims against the state actors for actions undertaken in their duties.  The complaint alleged instances in which these defendants violated plaintiffs' Fourteenth Amendment rights.  As set forth in the complaint, however, these instances have no common nucleus of operative fact with the letter allegedly written by Polidoro.  The claims against Polidoro stem from a letter that she wrote to plaintiffs' tenants.  The events underlying the claims are not related. They do not arise from a common nucleus of facts except as they arise from plaintiffs' ownership and/or management of certain apartment buildings.  Otherwise, there are no allegations that defendants' actions were coordinated, were done in combination or were otherwise related.  Therefore, plaintiffs cannot invoke section 1367(a) to establish jurisdiction for their state law claim against Polidoro.  Plaintiffs' state-law claim against

5

Polidoro will be dismissed for lack of jurisdiction.

Even if jurisdiction was proper under section 1367(a), the Court would nonetheless dismiss the claim pursuant to Rule 12(b)(6). A claim for tortious interference with contractual relationship under Connecticut common law requires plaintiff to allege that: (1) a contract or beneficial relationship exists; (2) defendants have knowledge of that relationship; (3) defendants intended to interfere with that relationship; and (4) plaintiff suffered an actual loss as a result of that interference. Hart, Nininger and Campbell Assoc., Inc. v. Rogers, 16 Conn. App. 619, 629 (1988); see also Appleton v. Board of Educ., 254 Conn. 205, 213 (2000) ("The tort is not complete unless there has been actual damage suffered."). Plaintiffs must also allege that defendants committed tortious conduct such as fraud, misrepresentation, intimidation or malice. Solomon v. Aberman, 196 Conn. 359, 365 (1985).

Plaintiffs' complaint alleges no actual injury resulting from defendant Polidoro's letter. They do not allege that any tenant broke her lease, vacated her apartment or required plaintiffs to incur costs to fix or change her apartment or the building. Therefore, plaintiffs' complaint fails to state a claim for tortious interference.

In addition, plaintiffs' complaint fails to allege that defendant Polidoro committed tortious conduct such as fraud, misrepresentation, intimidation or malice. In this context, malice is not necessarily ill-will, but acting without justification. Downes-Patterson Corp. v. First National Supermarkets, Inc., 64 Conn. App. 417, 429 (2001). Plaintiffs must allege that defendant acted without any justification. Am. Diamond Exch. v. Alpert, 101 Conn. App. 83, 91 (2007); see also 4 Restatement (Second) of Torts § 766B. Because there is no such allegation, plaintiffs' tortious

6

interference claim against Polidoro will be dismissed.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant Polidoro's motion to dismiss (Doc. #15).  The Court will permit plaintiffs to file an amended complaint within seven days of the filing of this ruling asserting a basis for the exercise of jurisdiction over any state-law claim against Polidoro.

Dated at Bridgeport, Connecticut, this 31st day of January, 2011.


_____/s/_____
Warren W. Eginton
Senior United States District Judge