UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JACOB BERGMAN, JOSEPH | : | |
| BERGMAN, BARBARA BERGMAN and | : | |
| TEMPLE MANAGEMENT, LLC, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | 3:10-CV-1315-WWE |
| | : | |
| TOWN OF HAMDEN, | : | |
| DANIEL W. KOPS, JR., | : | |
| HOLLY MASI, LESLIE CREANE and | : | |
| ROBERT LABULIS, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Jacob, Joseph, and Barbara Bergman and Temple Management, LLC have filed this action against defendants Town of Hamden, Daniel Kops Jr., Holly Masi, Leslie Creane, and Robert Labulis alleging that defendants violated their right to due process and equal protection secured by the Fourteenth Amendment. Specifically, plaintiffs claim that defendants disparately enforced the municipal zoning regulations and ordinances of the Town of Hamden. In addition, plaintiffs allege that defendants tortiously interfered with plaintiffs' business expectations in violation of Connecticut common law.

Defendants have moved for summary judgment on all of defendants' claims. For the following reasons, defendants' motion for summary judgment will be granted.

**BACKGROUND**

The parties have submitted statements of facts and supporting exhibits. The parties' submissions reflect that the following facts are not in dispute.

The Town's Planning and Zoning Commission is the agency empowered under the

Connecticut General Statutes to perform the function of a zoning commission pursuant to Statutes Sections 8-1 and 8-2, including the power to enact zoning regulations to govern the use of land and buildings in the Town.  Defendant Leslie Creane is the Town planner; defendant Daniel Kops Jr. is the assistant Town planner; defendant Holly Masi is the zoning enforcement officer; and defendant Robert Labulis is the Town building official.

Plaintiffs are the owners and developers of residential properties in the Town of Hamden, which they rent to students at Quinnipiac University.

Any person or entity that wants to maintain Student Housing in Hamden is required to submit an application for a zoning permit (a "Student Housing Permit").  The student housing regulations provide that in order to be issued a permit for a non-owner occupied building, such as those owned and managed by plaintiffs, an applicant must, among other requirements, (1) obtain approvals of the Town's building official for building code compliance, health official for housing code compliance, and the fire marshal for fire safety compliance; (2) demonstrate provision for off-street parking for one space per student; (3) prohibit parking in any front or side yard; (4) submit a floor plan and thereafter any proposed modifications thereto; (5) comply with a density maximum of four students per dwelling unit; and (6) submit initial and thereafter renewal registration of student housing providing a 24 hour contact person in Connecticut to resolve complaints.

Defendants inquired of plaintiffs by letter concerning multiple properties whose permits were up for renewal.  For example, Ms. Masi, the Town zoning enforcement officer, wrote a letter to plaintiffs on July 8, 2008 concerning one property in Hamden: 25 Evergreen Avenue - for which plaintiffs had received a student housing permit on October 23, 2003.  Between

2

October 23, 2003 and July 8, 2008, plaintiffs did not submit a renewal application for 25 Evergreen Avenue.  Ms. Masi sent a letter to plaintiffs informing them that if they intended to rent 25 Evergreen Avenue to students for the fall 2008 - spring 2009 academic year, they were required to submit a student housing permit application renewal form.  In July of 2008, Ms. Masi took similar action to notify other landlords that had properties to which student housing permits had been previously issued.  Ms. Masi subsequently issued a permit to plaintiffs for 25 Evergreen Avenue.

On September 26, 2006, Mr. Kops was appointed by the Town to review, monitor  and approve applications for student housing permits.  Mr. Kops responded by letter at least three times to plaintiff's applications for student housing permits.

On August 22, 2007, Mr. Labulis, the Town's building official, received a phone call from the town fire marshal requesting his presence at 3335 Whitney Avenue in Hamden to inspect the premises.  Upon conclusion of his inspection, Mr. Labulis placed a notice on the door of the property identifying the property as uninhabitable.  Following Mr. Labulis' inspection, he determined that the property was owned by plaintiffs Barbara and Joseph Bergman.  Mr. Labulis then sent a letter notifying the Bergmans of the building code violation.

On August 28, 2007, Mr. Labulis received a fax from Jacob Bergman informing him that all alleged hazardous conditions at 3335 Whitney Avenue had been corrected.  He immediately filed a release of the non-habitable violations for the premises on the Town's land records.  Plaintiffs never took an appeal of Mr. Labulis's conduct as was their right pursuant to Conn. Gen. Stat. Section 29-266.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**Equal Protection**

Plaintiffs equal protection claim is not a challenge to the Town zoning ordinance. Rather, it is a claim of selective enforcement of the ordinance. Such a claim is proper where:

> (1) the person, compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

Zarha v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995).  Here, plaintiffs contend that they were selectively treated on the basis of malice or bad faith.  However, plaintiffs have provided no admissible evidence to demonstrate that they were selectively treated as compared with others similarly situated.  Plaintiffs' statement of material facts cites to plaintiffs' interrogatory responses which in turn cite to plaintiffs' complaint.  Alternatively, plaintiffs' cite their own depositions which offer their own opinion that defendants, in general, didn't treat other landlords similarly.  Neither the complaint nor self-serving deposition answers are evidence of selective treatment.  "[T]he requirement imposed upon [p]laintiffs claiming an equal protection violation [is that they] identify and relate specific instances where persons situated similarly in all *relevant* aspects were treated differently."  Thomas v. City of W. Haven, 249 Conn. 385, 402, (1999).  Here, plaintiffs have failed to identify any specific instances of similarly situated persons receiving differential treatment.  Therefore, plaintiffs have failed to establish an equal protection violation adequate to survive defendants' motion for summary judgment.

**Due Process**

When a claim of denial of due process based on the Fourteenth Amendment is made regarding the issuance of permits, the plaintiffs must first establish that they have a valid property interest which meets the clear entitlement test.  See Zahra 48 F.3d at 680.  To have a property interest entitled to Fourteenth Amendment protection "a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must instead, have a legitimate claim of entitlement to it."  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  Here, plaintiffs' due process claim is based not on the denial of permits, but on the conditions imposed as prerequisites for a permit.  Specifically, plaintiffs contend that their due

5

process rights were violated when defendants required them to submit the licence plate numbers of student tenants.  However, "[t]he protection from arbitrariness is not a property right but the essence of the constitutional right to substantive due process, whose violation requires the deprivation of some external property right."  <u>Goodspeed Airport v. E. Haddam Land Trust, Inc.</u>, 166 F. App'x 506, 508 (2d Cir. 2006).  As plaintiffs have pointed to no property right of which defendants have deprived them, summary judgment will be granted in favor of defendants on plaintiffs' due process violation claim.

### Tortious Interference

Connecticut General Statutes Sections 52-557n(b)(7) and (8) provide both the Town and the individual defendants immunity from plaintiffs' claims of tortious interference.  Those sections provide as follows:

> [A] political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances . . .

Here, plaintiffs' tortious interference claim is based on defendants' permitting and performing inspection of plaintiffs' properties.  Thus, Sections 52-557n(b)(7) and (8) are applicable, and

6

summary judgment will be granted in favor of defendants.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

The Clerk is instructed to close this case.

Dated this 27th day of September, 2012 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE